UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Respondent/Plaintiff,<br><br>  v.<br><br>MARIA MARICELA GUZMAN-CEBALLOS,<br><br>  Petitioner/Defendant. | Case No. 2:14-cr-00183-KJD-PAL<br><br>**ORDER DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE** |

Before the Court is Defendant's Motion for Order Reducing Sentence or Modifying Judgment under 18 U.S.C. § 3582(c)(1)(A)(i) (#80/84). The government responded in opposition (#86) and Defendant replied (#87).

I.  Factual and Procedural Background

Defendant Maria Maricela Guzman-Ceballos ("Guzman-Ceballos") is currently serving a 70-month prison sentence at FCI Dublin. (#84, at 2). Guzman-Ceballos pleaded guilty to one count of possession of a controlled substance with intent to distribute. Id. Guzman-Ceballos's projected release date is September 24, 2023. Id. Guzman-Ceballos submitted a written request for compassionate release to the warden at FCI Dublin in August 2020. Id. at 3. Prison officials responded, indicating they were extending their deadline to respond to Guzman-Ceballos's request until January 11, 2021. Id. Guzman-Ceballos waited more than 30 days since submitting her request to the warden to file this motion. Id. Guzman-Ceballos is 57 years old and has multiple health problems, including type II diabetes, hypertension, hyperthyroidism, sleep apnea, polyneuropathy, anxiety disorder, myopia (near-sightedness), carpal tunnel syndrome, acute sinusitis, history of upper respiratory infections, diseases of the pharynx, gastro-esophageal reflux disease with esophagitis, constipation, skin disorders, cervicalgia (neck pain), and chronic joint pain. Id. at 1–2.

II.     Legal Standard

The district court that imposed sentence on a criminal defendant has authority to modify the term of imprisonment under the compassionate release statute, 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 (Dec. 21, 2018). That statute provides, in relevant part:

> [T]he court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that […]extraordinary and compelling reasons warrant such a reduction […] and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission[.]

18 U.S.C. §§ 3582(c)(1)(A), 3582(c)(1)(A)(i).

If the defendant has exhausted administrative remedies, the analysis is twofold. First, the Court must consider the same factors applicable at the original sentencing, enumerated in 18 U.S.C. § 3553(a), to the extent they remain applicable at the time the motion is brought. 18 U.S.C. § 3582(c)(1)(A). Second, the Court must find "extraordinary and compelling reasons" to release a defendant from Bureau of Prisons ("BOP") custody in a policy statement. Id.

III.    Analysis

The government concedes that Guzman-Ceballos has underlying health conditions that put her at additional risk of COVID-19 but argues that the Bureau of Prisons ("BOP") is doing an adequate job of protecting inmates and that she has not served enough of her sentence to warrant compassionate release. The BOP, like the United States in general, was surprised by the pandemic and struggled to protect inmates for a time. However, the BOP adjusted and has made great strides in its ability to prevent inmate deaths.

At the time of this writing, FCI Dublin does not have any COVID-19 cases among the

inmates.[1] COVID-19 CASES, https://www.bop.gov/coronavirus/ (last visited Feb. 11, 2021). Additionally, that facility has not reported a single death due to COVID-19. Id. Guzman-Ceballos argues that the BOP is unequipped to handle the spread of COVID-19 and references a graph in her reply brief to indicate that the death rate in BOP custody is higher than it is in the general public. However, Guzman-Ceballos's data is incorrect. It appears Guzman-Ceballos used data from November 18, 2020 that showed 141 deaths in BOP custody and 251,551 deaths in the United States. However, as of the time of this writing, there have been 220 deaths in BOP custody,[2] and 470,110 deaths in the United States. See id.; see also COVID DATA TRACKER, https://covid.cdc.gov/covid-data-tracker/#testing_positivity7day (last visited Feb. 11, 2021). That is a rise of about 56% in BOP custody and about 86.8% generally. By applying current, updated statistics to the graph Guzman-Ceballos used in her brief, it appears that the measures BOP has taken to combat the spread of the virus are working. The number of deaths in BOP facilities is not rising at such a high rate as they are outside BOP custody. As such, Guzman-Ceballos cannot show that the BOP is incapable of protecting the inmates. With a slower rise in death rates inside BOP custody, Guzman-Ceballos has not shown that she is in more danger in FCI Dublin than if she were to be released.

Additionally, a review of the § 3553(a) factors shows that Guzman-Ceballos's current sentence is sufficient, but not greater than necessary, to achieve the purposes of retribution, deterrence, incapacitation, and rehabilitation. Guzman-Ceballos has not yet served half of her sentence, which weighs against compassionate release. See United States v. Rand, No. 3:16-cr-00029-MMD-WGC-1, 2020 WL 2733949, at *5 (D. Nev. May 26, 2020) (finding that a defendant involved in distributing drugs in the community committed a serious offense and "just punishment requires Defendant remain [incarcerated] particularly given that he has more than half of his sentence remaining."). Guzman-Ceballos was involved with her co-defendants in a drug scheme that eventually led to the seizure of a large amount of methamphetamine and

---

[1] The facility lists three active cases among the staff.

[2] The actual number is 224 deaths, but four occurred on home confinement and are irrelevant when considering the dangerousness of BOP facilities.

weapons. This serious offense warrants a just punishment. Guzman-Ceballos's current sentence reflects the seriousness of her actions and is sufficient to achieve the purposes of retribution, deterrence, incapacitation, and rehabilitation. Because Guzman-Ceballos has not served much of her sentence, has an appropriate sentence to achieve the purposes of § 3553(a), and cannot show that she is at higher risk of death in BOP custody than if she were released, her motion for compassionate release is denied.

IV. Conclusion

Accordingly, IT IS HEREBY ORDERED that Defendant's Motion for Order Reducing Sentence or Modifying Judgment (#80/84) is **DENIED**.

Dated this 16th day of February, 2021.

_____
Kent J. Dawson
United States District Judge